**William PHIFER, Petitioner–Appellant,**

v.

**Jeffrey J. CLARK, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent–Appellee.**

No. 96–3032.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 30, 1996.*

Decided June 3, 1997.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

Cheryl J. Sturm (submitted), Westtown, PA, for Petitioner-Appellant.

Tim A. Baker, Office of the United States Attorney, Indianapolis, IN, for Respondent-Appellee.

Before POSNER, Chief Judge, and CUDAHY, Circuit Judge, and GRANT, District Judge.**

CUDAHY, Circuit Judge.

This is a successive appeal with respect to a habeas petition filed under 28 U.S.C. § 2241. The original petition alleged numerous errors in William Phifer's parole revocation hearing. After an appeal the matter was remanded for further proceedings. The petitioner now contends in this second appeal that those errors were not adequately addressed by either the Parole Commission or the district court. Although Phifer is now on parole, he contends that, unless the alleged errors in the Parole Commission records are

After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir. R. 34(f).

** The Honorable Robert A. Grant, District Judge for the Northern District of Indiana, sitting by designation.

corrected, he will suffer adverse legal consequences in future parole-related proceedings. Because we find that the issues presented by the petitioner are moot, we affirm the district court's dismissal of the habeas petition.

### I. Factual Background

In 1977, William Phifer was sentenced to 24 years in prison for crimes related to a bank robbery. He was released on parole in 1989 but his parole was revoked within a year for suspected drug use, violence and participation in another armed robbery. At the hearing the U.S. Parole Commission held to order the revocation, the panel made no finding regarding Phifer's involvement in this later armed robbery. After the hearing, the regional commissioner recommended (and the Commission agreed) that Phifer be held responsible for the armed robbery based on a report by a probation officer, which implicated Phifer in the robbery.

After exhausting his administrative remedies, Phifer petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. He alleged that: 1) he was denied access to police reports upon which the Parole Commission relied; 2) his offense severity rating[1] was based on erroneous information; 3) he was refused a local parole revocation hearing in violation of his right to due process; and 4) his transfer to a new prison violated his right to due process. The district court determined, at least as to the first of his claims, that Phifer was entitled to a new hearing. At Phifer's second parole hearing the Parole Commission focused on the police reports previously denied to Phifer, but did not address any of his other claims. The Parole Commission determined at the close of Phifer's second hearing that the parole revocation was proper. Phifer filed a motion to reopen his original petition for a writ of habeas corpus and sought to require the Parole Commission to address the remaining claims. The district court denied this motion on the grounds that the original order was final and that, due to Phifer's transfer into another jurisdiction, the district court did not retain jurisdiction over Phifer's petition. Phifer appealed and we determined that the district court had in fact retained jurisdiction and that the remainder of Phifer's claims should be addressed. *See Phifer v. Warden, United States Penitentiary, Terre Haute, Indiana,* 53 F.3d 859 (7th Cir.1995).

On remand, the district court directed Phifer to specify those claims that remained unresolved and what procedures Phifer felt should be undertaken by the parties or by the court. Phifer responded that two claims remained unresolved: 1) whether his offense severity rating had been incorrectly calculated by the Parole Commission and based on erroneous information in violation of due process, and 2) whether the Parole Commission acted in bad faith and in violation of Phifer's due process rights by denying him a local revocation hearing, at which Phifer could call witnesses. Phifer also reiterated what he felt was the underlying deficiency giving rise to the two claims cited: that the Parole Commission had failed to find by "satisfactory evidence" that Phifer had participated in the armed robbery. 28 C.F.R. § 2.44(a).

Warden Clark contends that Phifer has failed to indicate why the evidence was insufficient, or explain how a local revocation hearing would have altered the results in his favor. Instead, the warden argues, Phifer has proffered only conclusory allegations of Parole Commission error.

By November, 1995, the district court had yet to address Phifer's claims. Phifer's presumptive parole date was May 24, 1996 and Phifer was, in fact, paroled for the second time on that date. In July, 1996, Warden Clark filed a motion to dismiss the habeas petition as moot because Phifer had been paroled. While Phifer argued that he retained a legal interest in having the issues decided on the merits, the district court nevertheless dismissed Phifer's habeas petition as moot. This appeal challenging mootness followed.

---

**1.** The offense severity rating is a numerical expression reflecting the relative seriousness of the parole violations. The rating must be explained by the Parole Commission with a brief summary of the specific facts that justify the rating. In conjunction with the salient factor score, *infra* note 2, the offense severity rating is used to determine the term of re-incarceration.

Phifer contends that two issues from the original habeas petition have never been addressed and remain open. These are whether Phifer was entitled to a local revocation hearing where he could have called witnesses and confronted the evidence against him and whether the Parole Commission met the preponderance of the evidence standard in determining Phifer's participation in the armed robbery while on parole the first time. 28 C.F.R. § 2.19(c).

Phifer further argues that his habeas petition is not moot because these unresolved issues lead to three adverse consequences. First, Phifer's parole expires on April 8, 2001. Phifer contends that if he violates a provision of parole before then, the Parole Commission's finding holding him responsible for armed robbery while on his first parole would be considered a "failure to adjust to previous periods of parole supervision." U.S. Parole Comm'n. R. & Procedures Manual 2.20–05(b)(4) (1995). Such a determination would hamper Phifer's obtaining early termination of parole.

Second, Phifer contends that the finding of armed robbery will adversely affect his parole proceedings. After two years on parole Phifer's case will be reviewed for early termination. 28 C.F.R. § 2.43(b). At that time the armed robbery will be considered an aggravating circumstance, adversely affecting Phifer's chances for early termination of parole.

Finally, Phifer suggests that, if his habeas petition were to succeed and the finding of armed robbery overturned, then his suspected violence while on parole would amount only to a technical parole violation. A technical violation carries with it a suggested reincarceration of zero to two months as compared to sixty to seventy-two months for armed robbery. Phifer could then argue that the additional months he has been reincarcerated should be counted as time on reparole. Such an accounting would allow Phifer to apply sooner for early termination of parole.

Warden Clark contends that Phifer's release on parole in May 1996 moots the habeas corpus petition in its entirety. Clark asserts that Phifer's claims are speculative, and

that the mere possibility of adverse future consequences cannot support Phifer's case. The warden notes that Phifer has not yet petitioned for termination of parole, and thus has yet to be denied anything. Clark contends that the sole purpose of Phifer's original habeas petition was to reverse the Parole Commission's finding that Phifer was responsible for armed robbery while on parole. The warden points out that the Parole Commission's finding of Phifer's participation in armed robbery while on his first parole has yet to result in any adverse collateral consequences for Phifer.

Clark further asserts that, to the extent Phifer's speculative assertions can be considered as presenting a case or controversy, it is a different case or controversy than the one Phifer originally presented to the district court in May 1992. Clark's position is that, should the potential events raised by Phifer actually occur in the future, Phifer would be free to file a new habeas corpus petition seeking relief on the grounds that concern him at that time. The warden believes that any attempt to predict what actions the Parole Commission might take based on possible future actions of Phifer would be speculative at best.

Based on this somewhat convoluted history, the question remaining is whether Phifer's habeas petition under 28 U.S.C. § 2241 is moot. We find it is.

II. Analysis

In deciding whether Phifer's habeas petition is moot, we first examine the effect, if any, his parole status has on the viability of his claims. Next, we address the speculative nature of the three adverse consequences Phifer contends result from the finding of armed robbery. Finally, we briefly consider Phifer's due process concerns.

A. Phifer's Parole Status

Warden Clark first argues that Phifer's petition is improper because Phifer no longer is in the physical custody of the state. Clark also argues that even if Phifer is still in custody, his petition can go forward only if he is currently suffering significant adverse collateral consequences.

Habeas petitions, if filed while the petitioner is still in physical custody, continue in force after the petitioner is released on parole. *See Mabry v. Johnson,* 467 U.S. 504, 507 n. 3, 104 S.Ct. 2543, 2546 n. 3, 81 L.Ed.2d 437 (1984); *Jones v. Cunningham,* 371 U.S. 236, 239, 83 S.Ct. 373, 375, 9 L.Ed.2d 285 (1963) ("[T]he use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). Because Phifer filed his habeas corpus petition while he was in physical custody, his release on parole does not, in itself, cause the petition to become moot. Although Phifer is physically outside of the prison, on parole his freedom is restrained. Thus, Phifer, while on parole, remains in custody within the meaning of the habeas corpus statute and his petition is not moot merely because he is on parole. If, however, he is suffering no adverse consequences from the Parole Commission's finding, his petition would be moot.

## B. Adverse Consequences

Phifer argues that his habeas petition is not moot because of three adverse collateral consequences he suffers as a result of the Parole Commission's finding that he participated in an armed robbery while on parole. They are that: 1) if Phifer violates a parole condition before his parole is terminated, the armed robbery could be considered a "failure to adjust to previous periods of parole supervision," adversely affecting his chances for early termination of his parole, U.S. Parole Comm'n. R. & Procedures Manual 2.20–05(b)(4) (1995); 2) his presumed role in the armed robbery could be considered an aggravating circumstance that might defeat his attempt for an early termination of his parole even absent another parole violation; and 3) reversal of the armed robbery finding would raise his salient factor score[2] to reflect only a technical violation, potentially allowing him to apply for early termination of parole.

Each of Phifer's suggested adverse consequences is speculative. Each depends upon possible discretionary actions that may or may not affect future parole decisions. *Lane v. Williams,* 455 U.S. 624, 632–33, 102 S.Ct. 1322, 1327–28, 71 L.Ed.2d 508 (1982), holds that an event's potential influence on future discretionary decisions is insufficient to save a claim from mootness. Upon review of each of Phifer's three articulated collateral consequences, none of them is capable of surmounting this final, critical hurdle. Thus his petition is moot.

A habeas petition can play no role in sheltering someone from his or her own possible future misconduct. Any adverse consequence dependent on Phifer's commission of a future parole violation is not only speculative but is also a consequence over which Phifer exercises control. Phifer's other possible adverse consequences turn on future discretionary decisions by the Parole Commission. Discretion—the "what might happen" element of future decisions—cannot in general be the basis for a successful habeas appeal. Further, the Supreme Court has stated that "discretionary decisions ... are not governed by the mere presence or absence of a recorded violation of parole." *Id.* Thus, even if Phifer's record contains references to his involvement in an armed robbery, this information does not necessarily control future discretionary decisions. *Id.* at 633, 102 S.Ct. at 1328. A habeas petition ought not to be predicated on future events unless and until those events actually occur.

The third adverse consequence that troubles Phifer is a hybrid of his due process concerns and the discretionary issue just discussed (*i.e.,* that the lowered salient factor score prevents him from applying for an early end to his parole). Even if Phifer's salient factor score were raised as he desires, the fulcrum of his argument remains speculative—that this factor will be one of the discretionary elements considered by the Parole Commission in determining the length of his parole.

Each of Phifer's claimed adverse consequences is too speculative to create a live

---

**2.** The salient factor score is a figure calculated by the Parole Commission based on how egregious the parole violations were. The score is then used to compute the term of incarceration required. Phifer's score is lower (*i.e.,* it was reduced to two) with a finding of armed robbery than it would be without such a finding. This difference translates to a re-incarceration term of 60 to 74 months instead of 0 to 2 months for the technical parole violation Phifer would have received without the armed robbery.

controversy. If circumstances should change so as to make Phifer's concerns relevant, he may mount a challenge at that time.

### C. Due Process Considerations

Phifer's claim is, of course, that in the course of his parole hearings, the Parole Commission denied him due process. Phifer believes that two due process issues from his original habeas petition remain open. These questions involve whether Phifer was entitled to a local revocation hearing where he could call witnesses and whether the Parole Commission failed to find by a preponderance of the evidence that Phifer had participated in the armed robbery. *See* 28 C.F.R. § 2.19(c). While his case is moot, certain observations about his due process concerns may be in order.

The Supreme Court has indicated that the requirements of due process are limited for parole board hearings. *See Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599–2600, 33 L.Ed.2d 484 (1972). Likewise, they are limited for prison disciplinary hearings. *See Superintendent, Massachusetts Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985). Decisions of the Parole Commission must have a factual basis. *Kramer v. Jenkins*, 803 F.2d 896, 900 (7th Cir.1986). The decisions of the Parole Commission are analogous to those of prison disciplinary boards, as in both cases the state has created the prisoner's liberty interest. Thus, our review of Parole Commission hearings, like our review of prison disciplinary board hearings, "is confined to the record before the Commission and limited to a search for 'some evidence' in support of the decision." *Id.* at 901.

Phifer claims a liberty interest in having a higher salient factor score since, the lower the score, the less likely it will be that the period of parole will be reduced early. Phifer alleges that failures of due process at his parole hearing—resulting in a finding of Phifer's culpability for armed robbery—caused him to receive a lower salient factor score than he would otherwise have received.

With the enlightenment from the Supreme Court, Phifer's due process claims seem to evaporate. Neither the fact that Phifer was not provided an opportunity to call witnesses nor the failure of the Parole Commission to meet the preponderance of the evidence standard in these circumstances appears to support Phifer's contention that he was denied due process. Based on the record, Phifer's Parole Commission hearings apparently afforded adequate opportunity for the Commission to consider and weigh evidence which in turn was sufficient to support its recommendations. These matters, however, are currently moot and not appropriate for disposition here.

### III. Conclusion

Phifer's habeas petition is not moot simply because he is on parole. In that respect his petition remains viable. But his petition is moot with respect to the specific allegations that it makes. Phifer's claimed adverse consequences all turn on future discretionary actions either by Phifer or by the Parole Commission. These consequences are speculative and do not create a live controversy.

The order dismissing Phifer's habeas petition as moot is therefore

AFFIRMED.