124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence L. McCLAIN, Petitioner-Appellant,
v.
Jeffrey J. CLARK, Respondent-Appellee.
 No. 96-2905.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1997.*
July 31, 1997.
 
 1
 Before POSNER, Chief Judge, EASTERBROOK, and MANION, Circuit Judge
 
 Order
 
 2
 Clarence McClain went to prison in 1989, following his conviction for a number of offenses related to an influence-peddling scheme in which he played a leading role. See United States v. McClain, 934 F.2d 822 (7th Cir.1991). A fine of $35,000 was part of the sentence. (Originally styled "restitution," this obligation was restated as a fine in later proceedings.)
 
 
 3
 McClain was paroled in 1993. (His crime preceded the effective date of the Sentencing Reform Act of 1984.) He did not take the financial obligation seriously, and in 1995 his failure to pay led the Parole Commission to return him to prison. McClain then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, making a number of inappropriate arguments (he sought, for example, to challenge his original conviction, for which § 2241 is the wrong device) arid one appropriate claim: that the Parole Commission's procedures violated the Constitution. Before the district court acted on this petition, McClain's sentence expired, and he was released.
 
 
 4
 McClain's release makes his case moot. See Weinstein v. Bradford, 423 U.S. 147 (1975); Phifer v. Clark, 115 F.3d 496 (7th Cir.1997). McClain believes that collateral consequences of his parole's revocation keep the case alive, but his contentions do not differ materially from those deemed insufficient in Lane v. Williams, 455 U.S. 624 (1982). For example, the proposition that information in the parole records may come back to haunt him is speculative. If in the future information in the files has a concrete adverse effect on some legally protected interest, McClain may resort to other remedies, such as the Privacy Act, that deal with public records. McClain's other theories either are moot or had nothing to do with habeas corpus in the first place.
 
 
 5
 The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the petition as moot.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)