151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew John WALKER, Petitioner-Appellant,
v.
Mike ADAMS,[1] Respondent-Appellee.
 No. 97-2475.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided July 31, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. 96-C-1470 Larry J. McKinney, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Federal prisoner Andrew Walker appeals the denial of his petition for a writ of habeas corpus. See 28 U.S.C. §§ 2241, 2253. He contends that his 1980 conviction was unsupported by the evidence and violated the Constitution, and that his 1996 waiver of a parole consideration hearing was not knowingly and intelligently made. After the district court dismissed Walker's claims relating to his arrest and conviction for want of jurisdiction and denied his waiver claim as moot, Walker appealed. We now affirm.
 
 
 2
 Walker was convicted in 1980 of aiding and abetting the kidnaping of a gas company meter reader in order to extort $500,000 from a Baltimore employer. Under the sentencing regime in effect at that time, Walker was eligible for parole consideration in October 1996, two-thirds of the way through the service of his sentence. See 18 U.S.C. § 4206(d). Because of Walker's lengthy history of disciplinary infractions, however, the Parole Commission ordered a pre-parole determination proceeding in September 1996, to determine whether Walker should be paroled. See id. at § 4208(a).
 
 
 3
 On July 24, 1996, Walker wrote a letter to his prison case manager requesting that he be withdrawn from consideration for parole at the October hearing. His case manager wrote back on the bottom of the same note, cautioning him, "I will have you sign a waiver. You are waiving parole consideration by waiving this hearing ." Walker was undeterred. Believing that his case manager "was up to no good," and further believing that withdrawal from the pre-parole hearing would deny his case manager a forum to "deliver some harm," Walker executed a waiver form on July 26. That same day, he sent a hand-written, signed letter to the Commission requesting that "you remove my name from the scheduled September list." The Commission complied, and because Walker was no longer listed on the hearing docket, he was not considered for parole. After exhausting his administrative remedies, Walker filed a habeas petition under 28 U.S.C. § 2241(c)(3), alleging that his custody violated "the Constitution or laws ... of the United States."
 
 
 4
 Whatever the merits of Walker's arguments that his 1980 arrest violated the Fourth Amendment, that Brady material was withheld, and that there was insufficient evidence that his offense interfered with interstate commerce, the district court judge did not err in concluding that he lacked jurisdiction to consider Walker's complaints. To the extent that his claims are not barred because they concern matters that should have been raised on direct appeal or are not of constitutional magnitude, see, e.g., Bischel v. United States, 32 F.3d 259, 263 (7th Cir.1994); Guinan v. United States, 6 F.3d 468, 470-71 (7th Cir.1993), Walker must raise them in a section 2255 petition filed in the Maryland district where his sentence was imposed, not in a section 2241 petition filed in the Indiana district of his subsequent incarceration, see 28 U.S.C. §§ 2241, 2255; Atehortua v. Kindt, 951 F.2d 126, 128-30 (7th Cir .1993).
 
 
 5
 Walker also contends that his decision to waive an appearance at the mandatory parole hearing was not knowingly and voluntarily made. The district court explained that the question was moot because any relief to which the petitioner was entitled--consideration for release on parole--could be obtained by voluntary reapplication for a hearing. Walker does not dispute that he executed the waiver forms, though he suggests that he was misled when he signed them. He likewise concedes the possibility of repetitioning but counters that he will have to wait an additional twenty-four months to do so and that the Commission's review at that time will be substantially more limited than at the hearing he declined to attend. See 18 U.S.C. § 4208(h)(2); 28 C.F.R. §§ 2.14(a)(1)(ii), (2)(ii)-(iii); id. at § 2.60.
 
 
 6
 Walker's arguments are unavailing. The Commission's decision to treat Walker's communications as a waiver of his right to seek mandatory parole consideration may not be reversed, absent procedural error, unless it was "arbitrary, irrational, unreasonable, irrelevant or capricious," and it obviously was not. Schiselman v. United States Parole Comm'n, 858 F.2d 1232, 1237 (7th Cir.1988) (internal quotation and citation omitted); see also Phifer v. Clark, 115 F.3d 496, 501 (7th Cir.1997). By regulation, a prisoner may knowingly and intelligently waive parole consideration; if he chooses to reapply, he "may be heard during the next visit of the Commission to the institution at which he is confined," provided that his application is submitted at least sixty days prior to the next hearing date. 28 C.F.R. § 2.11(b); see also 18 U.S.C. § 4208(h); 28 C.F.R. § 2.14(a)(1)(ii). Even if Walker had chosen to attend the October 1996, hearing, however, he would not automatically (or even necessarily) have been released. The statute governing mandatory parole is clear and direct: "the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations." 18 U.S.C. § 4206(d); see also id. at § 4207; 28 C .F.R. § 2.53. Indeed, the September hearing was called for the very purpose of addressing Walker's long history of disciplinary infractions and the propriety, given his record, of releasing him. There is thus no reason to conclude that Walker is now being held in violation of the Constitution or laws of the United States, as he mistakenly believes.
 
 
 7
 The district court correctly pointed out that Walker can reapply for parole consideration and may already have done so. Walker's assertion that the Commission will review his reapplication under a more stringent standard would only be applicable if the Commission viewed his reapplication as a statutory interim hearing. See, e.g., 28 U.S.C. § 4208(h)(2); Johnson v. Williford, 821 F.2d 1279, 1280 (7th Cir.1987) ("[A] statutory interim hearing ... is significantly more limited in scope...."). However, the Commission will treat his reapplication for parole in the same manner it would have treated his application for parole had he not waived it. Compare 28 C.F.R. § 2.11(b) ("If a prisoner waives parole consideration, he may later apply for parole and may be heard during the next visit of the Commission to the institution at which he is confined, provided that he has applied at least 60 days prior to the first day of the month in which such visit of the Commission occurs."), with 28 C.F.R. § 2.14(a) ("The purpose of an interim hearing required by 18 U.S.C. § 4208(h) shall be to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing."). Unlike prisoners who, under 28 C.F.R. § 2.11(b), have waived mandatory parole consideration, a prisoner whose parole has been denied must wait up to twenty-four months before being eligible for a statutory interim hearing. See 28 C.F.R. § 2.14(a)(1)(ii). Walker's claim is thus moot, as the district court concluded, and he is free to seek the relief he desires from the Commission without repercussion from his waiver of the mandatory parole hearing. To the extent, however, that the Commission will consider Walker's disciplinary record at forthcoming proceedings if he chooses to reapply for parole, see id. at §§ 2.28(a), 2.53, 2.60, Walker's conduct is something that he himself controls. Habeas relief is unavailable simply to shield a petitioner from the adverse effects of his own future misbehavior; neither may the writ be invoked merely on speculation about the Commission's discretionary decisions. See Phifer, 115 F.3d at 500; see also Lane v. Williams, 455 U.S. 624, 632-33, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The petitioner was incarcerated at the United States Penitentiary at Terre Haute, Indiana, at the time he filed his original habeas petition, and he properly named J.J. Clark, the institution's warden, as respondent in this matter. See Braden v. 30th Judicial Cir.Ct. of Ky., 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Because Mr. Walker is now being held at the federal penitentiary at Lompoc, California, the warden of that facility is hereby substituted as respondent. See 28 U.S.C. § 2242; Fed.R.App.P. 43; Henderson v. DeTella, 97 F.3d 942, 942 n. * (7th Cir.1996). It is unclear when the transfer took place, but Rule 23(a) of the Federal Rules of Appellate Procedure forbids a transfer of custody without permission of the court during the pendency of the habeas action. See Ward v. United States Parole Comm'n, 804 F.2d 64 (7th Cir.1986). An unauthorized transfer does not, however, divest the court of jurisdiction over the petition. See Reimnitz v. State's Att'y of Cook County, 761 F.2d 405, 409 (7th Cir.1985)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)