UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 6, 2006[*]
Decided July 20, 2006

**Before**

Hon.  WILLIAM J. BAUER, *Circuit Judge*

Hon.  RICHARD A. POSNER, *Circuit Judge*

Hon.  DIANE P. WOOD, *Circuit Judge*

No. 05-4029

| | |
|---|---|
| RONALD L. MILLER,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>CARLYLE I. HOLDER,<br>    *Respondent-Appellee.* | Appeal from the United States<br>    District Court for the<br>    Southern District of Illinois.<br><br>No. 04-CV-0175-MJR<br><br>Michael J. Reagan, *Judge.* |

**O R D E R**

In 2004 federal prisoner Ronald Miller filed this habeas corpus action under 28 U.S.C. § 2241, challenging the 1990 decision of the United States Parole Commission to revoke his parole and direct him to serve the final few years of his undischarged term

---

[*]   After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

of imprisonment. The district court denied the petition, reasoning that the Commission's decision was sound. We affirm.

Miller was convicted of bank robbery, jury tampering, witness intimidation, and obstruction of justice in 1980. He was paroled several years later but soon absconded from supervision. The Parole Commission issued a parole-violator warrant directing the United States Marshals Service to arrest Miller unless he was "already in the custody of federal or state authorities." Although Miller was in Missouri custody (charged with armed robbery, unlawful use of a weapon, and possession of burglary tools), deputy marshals executed the warrant and returned Miller to federal custody. During a preliminary interview conducted two days later, Miller admitted possessing a revolver and burglary tools when he was arrested by the Missouri authorities, but he insisted that they belonged to "Bill Laslow," who he knew to be a felon. Later during the revocation proceedings, Miller further admitted that he failed to report a change of residence and to submit supervision reports, but he denied the state robbery charge. The Parole Commission, finding that Miller had committed the armed robbery, ultimately revoked Miller's parole. After Miller's revocation proceedings were completed, the state robbery charge was dismissed. However, the United States Attorney for the Western District of Missouri prosecuted Miller for possessing the firearm he was caught with in that state; in 1993 the sentencing court imposed a 15-year term of imprisonment to be served consecutively to the undischarged sentences on his 1980 convictions. The Eighth Circuit affirmed the conviction. *United States v. Miller*, 20 F.3d 926 (8th Cir. 1994).

Miller claims in his § 2241 petition that his parole should not have been revoked in 1990 because the parole-violator warrant was not to be executed if he already was in state or federal custody. He also argues that the Parole Commission should have modified its earlier revocation decision so that the undischarged portion of his 1980 sentences would run concurrently to the new sentence. The district court denied relief, and Miller now appeals.

Because Miller's 1980 sentences expired long ago, we first ask whether the district court had jurisdiction to entertain a challenge to the Parole Commission's decision in 1990 to revoke his parole on those convictions and compel him to serve out the remainder of his sentences. Section 2241(c)(3) requires that a prisoner be "in custody" on the conviction or sentence he is challenging. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Alhassan v. Hagee*, 424 F.3d 518, 522 (7th Cir. 2005). But a prisoner may challenge a sentence that has already expired if he currently is incarcerated on a term that was imposed consecutively to the expired term. *Garlotte v. Fordice*, 515 U.S. 39, 40 (1995); *see DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (explaining that *Garlotte* permits review of expired sentence even if consecutive term currently being served was imposed by different court at different time); *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002) (reasoning that petitioner serving later in series of consecutive

sentences imposed by same sovereign can challenge the expired sentence). Thus, the district court had jurisdiction to consider Miller's belated challenge to the revocation of his parole on those long-expired terms.

Miller first argues that the execution of the parole-violator warrant was invalid because the deputy marshals disregarded the Parole Commission's instruction not to execute the warrant if he was "already in state custody." He relies on *Barnard v. Henman*, 89 F.3d 373 (7th Cir. 1996) (holding that 90-day time limit in which to conduct revocation hearing is triggered only by valid execution of parole-violator warrant), to argue that an invalidly executed warrant bars future revocation proceedings. In *Barnard*, deputy marshals executed a parole-violator warrant on a parolee already in custody despite explicit instructions otherwise. *Barnard*, 89 F.3d at 377. But, unlike Miller, the parolee in *Barnard* argued that his warrant was validly executed and triggered his right to timely revocation proceedings. Nothing in *Barnard* suggests that unauthorized execution of a Parole Commission warrant voids the "retaking" of a parolee. According to Miller, the Parole Commission's own guidelines compel that result. *See* U.S. Parole Commission Rules and Procedures Manual § 2.212-02(b). But that rule simply instructs that, in the event of an invalidly executed warrant, a parolee should be released from custody and the warrant lodged as a detainer until the Parole Commission, at its convenience, elects to have it executed. Miller cites no authority, nor can we find any, to contradict the district court's common-sense conclusion that nothing stops the Commission from ratifying an unauthorized execution of a parole-violator warrant by moving forward with revocation proceedings.

Miller next argues that the Parole Commission should have reconsidered its decision because two of the bases for his revocation were later contradicted or unsubstantiated: the state robbery charge was dismissed, and it turns out that "Bill Laslow," the felon Miller confessed to associating with, is simply an alias used by Miller. The fact that the state decided not to proceed with the armed robbery charge does not matter. *See Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) (explaining that acquittal or dismissal of criminal charge does not preclude the Parole Commission from finding by preponderance of evidence that parolee committed offense). Furthermore, our review is limited to whether "some evidence" supports the Parole Commission's decision, *see Phifer v. Clark,* 115 F.3d 496, 501 (7th Cir. 1997), and Miller's own admissions easily satisfy that standard.

Finally, Miller asserts that after his new conviction in 1993, the Parole Commission should have modified its 1990 revocation decision so that the remaining time on his 1980 sentences would run concurrently with the new sentence. Miller reasons that this result was required because both the revocation and the new criminal conviction arose out of the same incident—his possession of a gun. Miller's premise is flawed, because the gun was just one of many violations that led to revocation; his

conclusion thus also collapses. Miller also ignores the fact that when his parole was revoked, he was still serving his original 1980 sentences, not a new sentence for later conduct. *See United States v. Wyatt,* 102 F.3d 241, 244-45 (7th Cir. 1996). Miller's failure to abide by his parole terms "triggered" the "modification of the terms of his original sentence" and sent him back to prison. *Id.* at 244. Notwithstanding Miller's contrary assertion, the applicable regulation does not require the Parole Commission reconsider the terms of his original sentences. *See* U.S. Parole Commission Rule 2.28(d). In any event, the decision whether the 1993 sentence will run consecutively or concurrently is committed to the sentencing judge. 18 U.S.C. § 3584(a); *United States v. Plantan*, 102 F.3d 953, 956 (7th Cir. 1996).

**AFFIRMED**.