NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2008[*]
Decided February 6, 2008

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1271

| | |
|---|---|
| PAUL FAZZINI, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Western District of Wisconsin |
| | |
| *v.* | No. 06-C-439-S |
| | |
| UNITED STATES PAROLE | John C. Shabaz, |
| COMMISSION and MARK CUNNEEN,[**] | *Judge*. |
| *Respondents-Appellees*. | |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

[**] After this appeal was filed, we authorized the Bureau of Prisons to transfer appellant Paul Fazzini to a halfway house. We have substituted Mark Cunneen, the director of the halfway house and Fazzini's current custodian, as an appellee. *See* FED. R. APP. P. 23(a); CIR. R. 43.

In this action under 28 U.S.C. § 2241, federal inmate Paul Fazzini challenges the revocation of his parole and also seeks to collaterally attack his underlying convictions.  For the reasons that follow, we affirm the denial of Fazzini's petition.

In 1987 a jury found Fazzini guilty on three counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), and three counts of carrying a firearm during the robberies, *id.* § 924(c).  The district court sentenced him to a total of 50 years' imprisonment to be followed by a 5-year term of probation.  *See United States v. Fazzini*, 871 F.3d 635, 636 (7th Cir. 1989).  Fazzini appealed and we affirmed his convictions and sentences, *see id.*, but in 1990 the district court reduced his total imprisonment to 25 years while leaving the period of probation intact.  *See United States v. Fazzini*, 1991 WL 70057 (7th Cir. 1991) (unpublished decision).  Seven years later Fazzini moved to vacate his convictions under 28 U.S.C. § 2255, but the district court denied the motion because his 12 claims either had been, or could have been, resolved on direct appeal.  *United States v. Fazzini*, 1998 WL 26161 (N.D. Ill. 1998) (unpublished decision).  Fazzini filed an appeal to this court, but we dismissed the action when he failed to pay the appellate fees.  *United States v. Fazzini*, No. 98-1845 (7th Cir. July 31, 1998) (unpublished order).

With credit for good conduct, Fazzini became subject to mandatory release in March 2001, though by statute he was "deemed as if released on parole" because he had not yet been imprisoned for 25 years.  *See* 18 U.S.C. §§ 4161, 4163-64 (repealed effective Nov. 1, 1987, for offenses committed after that date); *United States v. Fazzini*, 414 F.3d 695, 699 (7th Cir. 2005).  Initially, though, both Fazzini and the government misapprehended that, in effect, he had been released on parole and had not commenced serving his 5-year term of probation.  Accordingly, a probation officer directed Fazzini, as a condition of his probation, to submit a blood sample so that his DNA could be collected.  *See* 42 U.S.C. § 14135a (authorizing collection of DNA sample from federal offenders).  Fazzini objected on religious grounds and filed suit to enjoin the collection of his DNA.  The district court denied his request for injunctive relief, and in June 2003 Fazzini filed a notice of appeal.  *See Fazzini*, 414 F.3d at 696-97.  While preparing its brief, the government realized that Fazzini was not on probation after all.  We then ordered the parties to brief whether this discovery affected the district court's jurisdiction over Fazzini's suit to enjoin the collection of a DNA sample.  *See id.* at 697.

Then, to further complicate matters, Fazzini was arrested outside Dayton, Ohio, in September 2003.  He went there without permission and was driving 30 miles above the speed limit in a car with counterfeit license plates.  The police officer who stopped him searched Fazzini and his car and found a counterfeit driver's license; road maps with highlighted locations of banks in Ohio, Illinois, Indiana, and Wisconsin; a wig and leather gloves; and a toy revolver.  As a result, in March 2004 the United States Parole Commission revoked his mandatory release and required that Fazzini receive alcohol treatment as a condition of release.  The National Appeals Board upheld that decision in August 2004.

Meanwhile, Fazzini's appeal from the denial of his motion for injunctive relief was still pending before this court.  We ultimately concluded that, because Fazzini was not on probation and thus not yet subject to the condition that he submit a DNA sample, the district court lacked

subject-matter jurisdiction to address Fazzini's constitutional challenge to the DNA-collection statute. *Id.* at 699-700. Accordingly, we vacated the decision and remanded to the district court with instructions to dismiss for lack of jurisdiction. *Id.* at 700. After that Fazzini was transferred to a federal prison in Wisconsin, where he initiated this § 2241 action in 2006.

On appeal Fazzini first argues that the district court was wrong to conclude that he could not use § 2241 to challenge his 1987 convictions. A federal inmate seeking to set aside his conviction generally must do so under 28 U.S.C. § 2255. *See United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). And if the inmate has litigated a § 2255 motion already—as is true here—he cannot bring another without getting our prior permission. *See* 28 U.S.C. § 2255 ¶ 8; *Curry v. United States*, 507 F.3d 603, 604-05 (7th Cir. 2007); *United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005). Fazzini did not get our permission; instead he sought to proceed by way of § 2241, which can be used to collaterally attack a federal conviction but only if the inmate establishes that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 § 5; *see Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007); *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). Fazzini essentially contends that § 2255 provided him with an "inadequate or ineffective" remedy because his motion did not succeed. This contention is without merit. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (explaining that "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review").

Turning to the revocation of his parole, Fazzini initially contends that the Parole Commission lacked jurisdiction to revoke his parole because, he still insists, he is on probation and not parole. We already have rejected this contention, *see Fazzini*, 414 F.3d at 699-700, and the district court correctly declined to entertain it again, *see White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004).

As to the merits of the revocation, Fazzini principally argues that the Parole Commission's finding that he attempted to rob multiple banks—the most serious ground for revocation—is not supported by the record. The Commission determines facts by a preponderance of the evidence. *See* 28 C.F.R. § 2.19(c). Our review of Commission hearings is "limited to a search for some evidence in support of the decision." *Phifer v. Clark*, 115 F.3d 496, 501 (7th Cir. 1997) (internal quotation marks and citation omitted). At Fazzini's hearing the government introduced evidence that he was in Ohio without permission; he was driving at an excessive speed in a car with counterfeit license plates; he was using a counterfeit driver's license; and he was carrying with him in the car a wig, leather gloves, rope, a toy revolver, and maps of different states on which he had highlighted the locations of banks near interstate highways. Given this evidence, we agree with the district court that the Commission plainly had "some evidence" from which to conclude that Fazzini was en route to rob additional banks and was not, as he told the hearing officer, simply looking for a bank where he might deposit his social security checks. Indeed, we ourselves have said that the search of Fazzini's car "turned up evidence suggesting that he was planning a bank robbery spree" across four states. *See Fazzini*, 414 F.3d at 697. Moreover, our review of the record satisfies us that Fazzini, who was represented by counsel at the hearing, received all the procedural protections mandated by the

Due Process Clause. *See Morrissey v. Brewer*, 408 U.S. 471, 488-90 (1972); *Hanahan v. Luther*, 693 F.2d 629, 633 (7th Cir. 1982).

Last, with respect to the revocation of his parole, Fazzini presses his claim that the Parole Commission exceeded its authority by ordering him to submit to treatment for alcoholism as a condition of any future release. In Fazzini's view, evidence of his alcohol abuse is "vague, inconclusive, and unreliable." The Commission may impose conditions of release that are "reasonably related" either to the nature and circumstances of the offense or the history and characteristics of the parolee. *See* 18 U.S.C. § 4209(a); *Walrath v. Getty*, 71 F.3d 679, 683 (7th Cir. 1995). Fazzini has a history of alcohol abuse and has been charged at least once in the past with driving under the influence. Given the evidence of Fazzini's difficulties with alcohol, we agree with the district court that the Commission's requirement of alcohol aftercare is reasonable.

Finally, Fazzini argues that after his parole was revoked the Bureau of Prisons was obligated to recredit him with the good time he earned before his release. It is clear, however, that "[o]nce an inmate is conditionally released from imprisonment . . . the good time earned (extra or statutory) during that period of imprisonment is of no further effect . . . to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 523.2(c); *see Ray v. Brewer*, 808 F.2d 19, 20-22 (7th Cir. 1986).

AFFIRMED.