931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul FAZZINI, Defendant-Appellant.
 No. 90-2214.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided May 3, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury found Paul Fazzini guilty of three counts of armed bank robbery (18 U.S.C. Sec. 2113(a) & (d)) and three counts of using a firearm during the commission of a crime of violence (18 U.S.C. Sec. 924(c)). On appeal, we affirmed his conviction in United States v. Fazzini, 871 F.2d 635 (7th Cir.1989). Fazzini thereafter filed a motion for reduction of sentence under Fed.R.Crim.P. 35, which the district court granted in part and denied in part. Fazzini now appeals the district court's decision.
 
 I.
 
 2
 Counts 1, 3, and 5 of Fazzini's indictment charged him with armed bank robbery, and counts 2, 4, and 6 charged him with use of a firearm in the course of those robberies.[1] On April 22, 1989, the court sentenced Fazzini as follows: consecutive sentences of 5 years on count 2, and 10 years each on counts 4 and 6, for a total of 25 years on the firearm charges; and 25 years each on counts 1 and 3 (concurrent to each other but consecutive to counts 2, 4, and 6) and 5 years probation on count 5 (consecutive to all other counts). As part of the probation term for count 5, the court ordered Fazzini to pay two of the banks he robbed approximately $23,000 in restitution.[2]
 
 
 3
 After considering Fazzini's Rule 35 motion, the court modified its sentence. The court suspended the 25-year bank robbery sentences on counts 1 and 3 and replaced them with concurrent 5-year probation terms running consecutively to the firearm sentences. Thus, Fazzini's sentence was reduced from 50 years in prison followed by 5 years probation to 25 years in prison followed by 5 years probation. The court modified Fazzini's sentence because it was higher than sentences the court had given to similarly situated defendants. The court declined to modify the firearm sentences or the restitution order. This appeal follows.
 
 II.
 
 4
 We are precluded from addressing two of Fazzini's arguments on appeal. First, Fazzini claims that the firearm sentences were multiplicitous because his bank robbery convictions took into account the use of a firearm. Fazzini raised this issue on direct appeal, however, and the panel rejected the argument as frivolous. United States v. Fazzini, 871 F.2d 635, 636 n. 1 (7th Cir.1989). The "law of the case" doctrine precludes us from reexamining an issue raised in a Rule 35 motion when the claim was addressed on direct appeal. United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986). We therefore do not reach the merits of Fazzini's argument.[3]
 
 
 5
 Second, Fazzini objects to the restitution order the court imposed, claiming the district court failed to afford him a hearing on the question of his ability to pay restitution. The district court held that Fazzini failed to request a specific hearing below and also failed to object to the restitution order at his sentencing hearing. Although Fazzini now claims that the court overestimated his assets, the financial data the court relied on to establish Fazzini's ability to pay was taken from his presentence report. Fazzini objected to many items in the report, but failed to challenge this data in his objections or at the hearing. Failure to raise a sentencing issue in the district court waives the issue on appeal. United States v. Smith, 897 F.2d 909, 911 (7th Cir.1990). Fazzini also argues that the court failed to deduct from its restitution order the amount of money the banks recovered from their insurance companies. Again, this argument was not presented to the district court--either at the sentencing hearing or in Fazzini's Rule 35 motion--and thus the issue is waived. Id.; United States v. House, 808 F.2d 508, 512 (7th Cir.1986).
 
 
 6
 Fazzini's remaining claims are properly before the court but lack merit. Fazzini attacks the sentence the court imposed on his section 924(c) convictions as excessive. The court treated the first firearm conviction (count 2) as Fazzini's first section 924(c) offense and sentenced him to the minimum mandatory 5-year term. The court then treated the second and third firearm convictions (counts 4 and 6) as subsequent convictions under section 924(c) and sentenced Fazzini to the minimum mandatory 10-year terms required by the statute. The district court's approach resulted in a mandatory 25-year sentence since section 924(c) sentences run consecutive to any other sentences, are not parole-eligible, and may not be suspended. Fazzini claims that because all three counts appeared in the same indictment, they should be treated as the same offense for purposes of sentencing. Section 924(c) provides for an enhanced 10-year sentence for "second or subsequent conviction[s]." We have interpreted this language to mean that separate convictions derived from a common indictment may qualify as subsequent convictions for purposes of sentencing. United States v. Bennett, 908 F.2d 189, 193 (7th Cir.1990).[4] The facts do not support Fazzini's argument that the robberies were part of the same offense--the robberies were committed weeks apart at different banks in different towns. In short, Fazzini was involved in three separate criminal episodes and the district court did not err in treating his firearm convictions as subsequent offenses under section 924(c).
 
 
 7
 Next, Fazzini claims that the district court erred in failing to appoint him a psychiatric expert so he could counter the probation officer's conclusion that he constituted a danger to the community. The judge had earlier refused to appoint a psychiatrist for Fazzini to use during the guilt phase of his trial on grounds that Fazzini failed to establish that his mental condition would be a substantial issue at trial. We affirmed the court's decision on appeal. Fazzini, 871 F.2d at 639. Fazzini claims that the sentencing phase of the trial differs from the guilt phase and that the court abused its discretion in failing to provide an expert during the sentencing phase. There is simply no support for the proposition that a district court must appoint a psychiatric expert in a case such as this. Typically, a court does not appoint a psychiatric witness unless the government introduces expert testimony against the defendant to show that he will be a danger to the community. See Harris v. Vasquez, 913 F.2d 606, 619 (9th Cir.1990); Bowden v. Kemp, 767 F.2d 761, 764 n. 5 (11th Cir.1985). No such expert testimony was entered against Fazzini in this case--the probation officer's conclusion was based on (among other things) the violent nature of Fazzini's crimes, not on the testimony of psychiatric experts. Accepting Fazzini's argument would entitle every defendant who is classified a danger to the community to the use of a court-appointed psychiatrist to rebut this assessment. In sum, Fazzini's claim is rejected.
 
 
 8
 Finally, Fazzini claims that the court erred in refusing to apply the Sentencing Guidelines to his case. The Guidelines only apply to criminal activity occurring after November 1, 1987. Fazzini robbed banks in 1985. Although he acknowledges that the law in effect at the time of the offense normally controls, he claims that the Guideline's "overall remedial effect" requires their retroactive application to his case. This claim is without merit.
 
 III.
 
 9
 The claims advanced by the appellant are without merit and the district court's decision is therefore
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The alleged robberies occurred on September 26, 1985 in Sycamore, Illinois, on December 16, 1985 in Marseilles, Illinois, and on December 31, 1985 in Minooka, Illinois. Fazzini used a handgun during each of the robberies
 
 
 [2]
 The indictment alleged that Fazzini took approximately $20,188 from the Sycamore bank, and approximately $2941 from the Marseilles bank. The money from the third bank was recovered at the scene; Fazzini dropped the money during his escape
 
 
 [3]
 Even if this argument was properly before the court, we have held that it is permissible to convict a defendant on a violation of 18 U.S.C. Sec. 924(c) in addition to armed bank robbery. See United States v. Harris, 832 F.2d 88, 90 (7th Cir.1987)
 
 
 [4]
 Fazzini's argument that a court may not enter an enhanced sentence on Sec. 924(c) charges from a common indictment has been rejected by every circuit court that has addressed the issue. See United States v. Nabors, 901 F.2d 1351, 1357-58 (6th Cir.1990); United States v. Foote, 898 F.2d 659, 668 (8th Cir.1990); United States v. Rawlings, 821 F.2d 1543, 1545 (11th Cir.1987)