Anthony ARON, Petitioner–Appellant,

v.

John J. LAMANNA; C. Davis,
Respondents–Appellees.

No. 00–3834.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN,
Circuit Judges; HEYBURN, District
Judge.*

---

* The Honorable John G. Heyburn II, United
States District Judge for the Western District

## ORDER

Anthony Aron appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Aron brought this habeas corpus petition alleging that the warden of the Elkton Federal Correctional Institution in Elkton, Ohio (John J. LaManna), and a hearing officer (Connie Davis), improperly revoked twenty-seven days of "good-time" credit towards his sentence and placed an incident report in his prison file.

The district court sua sponte dismissed Aron's petition without prejudice because Aron had not exhausted his administrative remedies. Thereafter, Aron moved the district court to reconsider its judgment. The district court denied Aron's motion.

Aron now argues that he has exhausted his administrative remedies and reasserts his claims in his timely appeal. Aron also moves the court for leave to proceed in forma pauperis.

This court reviews de novo a district court judgment dismissing a § 2241 habeas corpus petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999); *Robbins v. Christianson,* 904 F.2d 492, 494 (9th Cir.1990).

Upon review, we conclude that the district court properly dismissed Aron's petition. A federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. *Little v. Hopkins,* 638 F.2d 953, 953–54

of Kentucky, sitting by designation.

(6th Cir.1981) (per curiam). Aron has not shown that he exhausted his administrative remedies before requesting habeas relief in the district court.

Administrative remedies clearly exist, *see* 28 C.F.R. § 542.10, and nothing in the record indicates that it would have been futile for Aron to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requests. *See McKart v. United States,* 395 U.S. 185, 200, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply); *Goar v. Civiletti,* 688 F.2d 27, 28–29 (6th Cir.1982). Thus, the district court properly dismissed Aron's petition because Aron had not exhausted his administrative remedies before filing his petition in the district court.

Accordingly, we grant Aron's motion for leave to proceed in forma pauperis and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.