Lonnie C. GATES–BEY, Petitioner–Appellant,

v.

UNITED STATES PAROLE COMMIS-SION, Respondent–Appellee.

No. 00–3687.

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

---

*ORDER*

Lonnie C. Gates–Bey a federal prisoner proceeding pro se, appeals a district court order that dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

The procedural history of this case is not disputed. On November 7, 1980, Gates–Bey was sentenced to a term of twenty years of imprisonment for armed bank robbery. Since his initial incarceration, Gates–Bey has been paroled three times, but each time he has been charged with parole violations and returned to prison. As a result of 1992 and 1997 parole revocation proceedings, Gates–Bey was not given credit toward time served on his sentence for nine months during which he had absconded.

On December 20, 1999, Gates–Bey filed the instant § 2241 petition, claiming that the United States Parole Commission has improperly refused to credit him with the nine months that he was on parole but out of contact with the Commission.

The district court denied Gates–Bey's petition for failure to exhaust administrative remedies. In his timely appeal, Gates–Bey argues: (1) that the district court improperly construed his § 2241 petition as one brought under 28 U.S.C. § 2255, (2) that the district court erred by denying his petition for failure to exhaust administrative remedies, and (3) that the Commission violated his right to due process by failing to give him proper notice of his parole violation for absconding. Gates–Bey also moves the court to expedite his appeal. Both parties have filed briefs.

Three initial matters deserve only brief treatment. Gates–Bey's enumerated issue one complains of harmless error by the court. Although the district court unnecessarily granted Gates–Bey a certificate of

appealability and incorrectly labeled his petition as a § 2255 motion in that document, the record reveals that Gates–Bey suffered no prejudice as a result.

Gates–Bey's enumerated issue three, concerning the failure to notify him that he had absconded, is patently meritless. Gates–Bey failed to report that he had changed his residence while on parole; his contention that he should have been notified that he had absconded is absurd.

In his motion to expedite, Gates–Bey complains that he will unfairly be placed on parole, past the expiration date of his sentence, in February 2001. Where, as here, a parolee has absconded from supervision, the Parole Commission's authority over the absent parolee is extended beyond the original date of termination of supervision. *See Barrier v. Beaver,* 712 F.2d 231, 236 (6th Cir.1983).

A district court's order dismissing a § 2241 motion, being a purely legal decision, is subject to de novo review. *Fowler v. United States Parole Comm'n,* 94 F.3d 835, 837 (3d Cir.1996); *Robbins v. Christianson,* 904 F.2d 492, 494 (9th Cir.1990). Although not a statutory requirement, it is well established by case law that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. *See Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992). Gates–Bey asserts that his case presents unique circumstance in which the exhaustion requirement should be excused and that he has exhausted the required remedies. His contentions are meritless. First, Gates–Bey's pleadings are not sufficient to establish that he has exhausted his available administrative remedies. Thus, the district court did not err in dismissing the petition for lack of exhaustion.

Second, a court's review of the United States Parole Commission's decision to extend Gates–Bey's parole is limited to whether a rational basis exists for the Commission's conclusion. *See Hackett v. United States Parole Comm'n,* 851 F.2d 127, 129–30 (6th Cir.1987). Because Gates–Bey absconded, the Commission properly denied Gates–Bey credit for his "street time" spent while released on parole. *See Munguia v. United States Parole Comm'n,* 871 F.2d 517, 521 (5th Cir. 1989); *Barrier,* 712 F.2d at 236.

Accordingly, we deny the motion to expedite and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.