**John Q. WESLEY, Jr.-El,**
**Petitioner–Appellant,**

v.

**JOHN LAMANNA, Warden,**
**Respondent–Appellee.**

No. 01–3426.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and
BRIGHT,* Circuit Judges.

### ORDER

John Q. Wesley, Jr.-El, a pro se federal
prisoner, appeals a district court judgment

dismissing his petition for a writ of habeas
corpus filed pursuant to 28 U.S.C. § 2241.
This case has been referred to a panel of
the court pursuant to Rule 34(j)(1), Rules
of the Sixth Circuit. Upon examination,
this panel unanimously agrees that oral
argument is not needed. Fed. R.App. P.
34(a).

In 1986, Wesley was convicted in the
United States District Court for the District of Columbia for possession with the
intent to distribute a controlled substance
in violation of 21 U.S.C. § 841. Wesley
was sentenced to serve 188 months in prison. Wesley was also sentenced to a consecutive 58 month term for violating 21
U.S.C. § 843.

Wesley states that he was on parole
from a state conviction when he committed
the federal offenses. He contends that the
federal sentence was ordered to run concurrently with the state sentence. However, a federal detainer was lodged against
Wesley which he contends violates the sentencing order of the trial court.

The district court dismissed the petition
as meritless because Wesley had failed to
exhaust his available administrative remedies.

In his timely appeal, Wesley admits that
at the time he filed his petition, he had not
exhausted his available administrative
remedies. Wesley states that he has subsequently complied with the district court's
decision.

The district court's judgment is reviewed de novo. *See Charles v. Chandler,*
180 F.3d 753, 755 (6th Cir.1999).

Although not a statutory requirement, it
is well established that federal prisoners
are required to exhaust their administrative remedies before filing a habeas corpus

---

* The Honorable Myron H. Bright, United
States Circuit Judge for the Eighth Circuit,    sitting by designation.

petition under § 2241. *See Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992). Wesley admits that he did not exhaust his available administrative remedies prior to filing his petition. Therefore, the district court properly dismissed Wesley's petition for his failure to exhaust his administrative remedies. *See Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir.1993). Although Wesley now states that he has exhausted his available administrative remedies, the exhaustion must occur before the petition is filed. *See generally Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.