**Johnny Ray GRAHAM, Petitioner–Appellant,**

v.

**George SNYDER, Warden, Respondent–Appellee.**

No. 02–5992.

United States Court of Appeals, Sixth Circuit.

June 18, 2003.

Before: NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

*ORDER*

Johnny Ray Graham, a pro se federal prisoner, appeals a district court order dismissing his motion to reconsider an order denying his petition for a writ of habe-

as corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1986, a jury convicted Graham of four counts of using interstate telephone communications with intent to bribe a sheriff in violation of 18 U.S.C. § 1952(a)(3), and one count of converting government funds in violation of 18 U.S.C. § 641. He was sentenced to an aggregate term of thirty years in prison, and this court affirmed his convictions on direct appeal. *United States v. Graham*, 856 F.2d 756 (6th Cir. 1988). Graham has returned to federal court at least six times since his conviction was affirmed. The first five actions, and the present one, all involve Graham's claim that a United States Attorney put false information in his record stating that Graham threatened to kill certain people associated with his prosecution.

Graham filed the present § 2241 petition in April 2002. He claimed that his parole date had been extended because of prison disciplinary infractions and "secret evidence," in violation of his Fifth and Fourteenth Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. The district court dismissed the petition sua sponte, concluding that Graham failed to exhaust his administrative remedies. The court also denied Graham's motion for reconsideration.

On appeal, Graham argues that: (1) exhaustion of administrative remedies is not jurisdictional because neither the Prison Litigation Reform Act (PLRA) nor the Antiterrorism and Effective Death Penalty Act (AEDPA) apply to petitions filed under 28 U.S.C. § 2241; and (2) there are no administrative remedies available for him to exhaust.

Appellate review of a judgment dismissing a § 2241 petition is de novo. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989). A federal prisoner must exhaust all available administrative remedies before filing a § 2241 suit. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). The administrative remedy available to a federal prisoner challenging an adverse parole decision is to file an appeal with the National Appeals Board under 28 C.F.R. § 2.26. *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001).

Upon review, we conclude that the district court properly denied Graham's petition for failure to exhaust administrative remedies. After Graham entered prison, the United States Parole Commission adjusted his parole guideline range upward to 112–150 months because of his conduct during his incarceration and his alleged threats to kill certain persons involved in his prosecution. The National Appeals Board affirmed the Commission's decision. Graham challenged the decision in an earlier § 2241 petition. The district court denied the petition, Graham appealed, and this court affirmed. *Graham v. United States Parole Comm'n*, No. 96–6725, 1997 WL 778515, at *2 (6th Cir. Dec.8, 1997). In May 2000, a hearing examiner recommended that Graham be paroled in May 2001. The recommendation was rejected, however, leaving Graham's expected parole date as November 11, 2006. Graham did not attach a final decision of the Commission to his habeas petition, nor did he file any documents showing that he appealed the Commission's decision to the National Appeals Board. Because Graham failed to show that he exhausted his administrative remedies before seeking relief through a § 2241 petition, the district court properly dismissed the petition. *See Urbina*, 270 F.3d at 295 n. 1; *Little*, 638 F.2d at 954.

Graham's arguments on appeal are without merit. He maintains that exhaustion of administrative remedies is not jurisdictional because neither the PLRA nor the AEDPA apply to petitions filed under 28 U.S.C. § 2241, and that he has no administrative remedies available. The PLRA's prohibition of suits challenging prison conditions before administrative remedies have been exhausted does not apply to a petition challenging the execution of a sentence under 28 U.S.C. § 2241. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997). Nor does the exhaustion requirement of 28 U.S.C. § 2254, which applies to petitions filed to challenge state court convictions, expressly apply to petitions filed under § 2241. However, the exhaustion doctrine does apply to petitions filed under § 2241. *See Little*, 638 F.2d at 954. In view of Graham's challenge to the Commission's earlier parole decision, his professed ignorance of the proper administrative remedy appears disingenuous. If Graham wants the federal courts to review a decision extending his eligibility for parole, he must first appeal to the National Appeals Board under 28 C.F.R. § 2.26 as he did before.

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.