RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0472p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

PAUL FAZZINI,

　　　　　　　　*Petitioner-Appellant,*

　　　*v.*

NORTHEAST OHIO CORRECTIONAL CENTER,
WARDEN, UNITED STATES MARSHALS SERVICE, and
UNITED STATES PAROLE COMMISSION,

　　　　　　　　*Respondents-Appellees.*

Nos. 05-3868/4618

>

Appeal from the United States District Court
for the Northern District of Ohio.
Nos. 05-00765; 05-01959—Lesley Brooks Wells, District Judge.

Submitted: October 30, 2006

Decided and Filed: December 28, 2006

Before: SILER, GILMAN, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Lisa Hammond Johnson, UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellees. Paul Fazzini, Oxford, Wisconsin, pro se.

_____

## OPINION

_____

GRIFFIN, Circuit Judge. Appellant Paul Fazzini, a pro se federal prisoner, appeals a district court judgment dismissing his two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Fazzini argues that the district court erroneously concluded that he failed to exhaust his administrative remedies before filing his habeas petitions. Appellees, the United States Marshals Service and the United States Parole Commission (collectively "appellees"), argue that the district court did not err because Fazzini did not attach a final decision from the National Appeals Board to either habeas petition, thereby failing to show that he had exhausted his available administrative remedies before seeking relief in the district court. For the reasons below, we reverse the district court's order dismissing Fazzini's first habeas petition and remand for further consideration.

I.

In 1987, a federal jury sitting in the United States District Court for the Northern District of Illinois found Fazzini guilty of three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and three counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Fazzini to fifty years of imprisonment, followed by five years of probation. The Seventh Circuit affirmed his conviction on appeal. *United States v. Fazzini*, 871 F.2d 635, 644 (7th Cir.), *cert. denied*, 493 U.S. 982 (1989). In 1990, the district court reduced Fazzini's sentence to twenty-five years of imprisonment, to be followed by five years of probation. The Seventh Circuit affirmed the district court's judgment. *United States v. Fazzini*, No. 90-2214, 1991 WL 70057, at *3 (7th Cir. May 3, 1991) (unpublished), *cert. denied*, 502 U.S. 920 (1991).

Fazzini became entitled to be released on March 22, 2001, due to accumulated good time credits under 18 U.S.C. § 4163. *United States v. Fazzini*, 414 F.3d 695, 699 (7th Cir. 2005), *reh'g denied* (July 26, 2005). On September 11, 2003, Fazzini was arrested by the Ohio Highway Patrol for "misdemeanor traffic violations." He was transported to the Preble County (Ohio) Jail, and the United States Parole Commission ("the Commission") began revocation proceedings on March 19, 2004. As a result, Fazzini was recommitted to prison for fifty-two months.

On March 21, 2005, Fazzini filed a habeas corpus petition (No. 05-0765) pursuant to 28 U.S.C. § 2241 in the Northern District of Ohio. Fazzini stated that he had filed a timely administrative appeal challenging the Commission's revocation of his parole and that the Commission had failed to respond to Fazzini's appeal. On May 9, 2005, the district court, acting *sua sponte,* dismissed without prejudice Fazzini's petition for failure to exhaust administrative remedies. The court noted that, although Fazzini claimed that he had submitted a timely administrative appeal, he did not "file any documents showing that he either appealed the Commission's decision to the National Appeals Board or what decision the Board rendered."

Fazzini filed a motion for reconsideration on June 8, 2005, to which he attached a copy of a cover sheet from his administrative appeal to the National Appeals Board ("the Board").[1] The district court denied Fazzini's motion for reconsideration, concluding that Fazzini had not shown that the "new evidence" of exhaustion could not have been acquired before his petition had been filed. On June 30, Fazzini appealed the district court's May 9 order dismissing his habeas petition and the district court's June 22 order denying his motion for reconsideration.

On August 9, 2005, Fazzini filed a second petition for habeas corpus (No. 05-1959) in the Northern District of Ohio. Fazzini again stated that he had appealed the Commission's decision to the Board and attached to his petition the cover sheet from his administrative appeal as evidence. On October 14, 2005, the district court dismissed without prejudice Fazzini's second habeas petition, again for failure to provide a final decision from the Board. Fazzini appealed the dismissal of his second habeas petition on November 3, 2005.

II.

We review de novo a district court's order dismissing a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). Because Fazzini has filed a pro se petition and appeal, "his pleadings are held to a less stringent standard than those

---

[1]In his Motion for Reconsideration, Fazzini explained that he attached the cover sheet, rather than the entire copy, of his appeal because the appeal contained 46 pages and he could not afford the copying and postage costs associated with attaching the appeal.

prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).

Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Urbina*, 270 F.3d at 295 n.1; *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). A federal prisoner challenging an adverse parole decision by the Commission must file an appeal to the Board pursuant to 28 C.F.R. § 2.26. *Urbina*, 270 F.3d at 295 n.1. 28 C.F.R. § 2.26 provides, in pertinent part:

> (a)(1) A prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . . rescind, deny, or revoke parole. . . .
>
> (2) The appeal must be filed on a form provided for that purpose within 30 days from the date of entry of the decision that is the subject of the appeal.
>
> . . . .
>
> (c) The National Appeals Board shall act within sixty days of receipt of the appellant's papers, to affirm, modify, or reverse the decision. Decisions of the National Appeals Board shall be final.

28 C.F.R. §§ 2.26(a)-(c) (2006).[2]

> The Supreme Court has recently described the purposes of the exhaustion requirement:
>
> The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Exhaustion of administrative remedies serves two main purposes.
>
> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative

---

[2]This court's "scope of review over a decision by the Parole Commission is extremely limited." *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 129 (6th Cir. 1987). "[T]he Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), and thus is insulated from judicial review." *Id.* (quoting *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984)). Therefore:

> A court of review need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for its reasons. The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.

*Hackett*, 851 F.2d at 130 (quoting with approval *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)).

review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

*Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2384-85 (2006) (internal citations and quotation marks omitted).[3]

Although it is well-settled that a federal prisoner must exhaust all available administrative remedies before filing a federal habeas petition, *Little*, 638 F.2d at 953-54, we have not declared whether § 2241 petitioners are required to attach a copy of the final decision by the administrative authority to their habeas pleadings in order to satisfy the exhaustion requirement. In *Thomas v. United States Parole Comm'r*, 791 F.2d 935 (6th Cir. 1986) (unpublished table decision), we affirmed the dismissal of a habeas petition for the petitioner's failure to exhaust administrative remedies, noting that "[p]etitioner has not shown that he exhausted his administrative remedies by appealing his parole revocation, or applying to the Director of the Bureau of Prisons under 18 U.S.C. § 4166 for restoration of his good time credits." *Id.* at *1 (internal citations omitted). Likewise, in *Graham v. Snyder*, 68 F. App'x 589 (6th Cir. 2003) (unpublished), we explained that dismissal without prejudice for the petitioner's failure to exhaust administrative remedies was proper where the petitioner "did not attach a final decision of the Commission to his habeas petition, nor did he file any documents showing that he appealed the Commission's decision to the National Appeals Board." *Id.* at 590. Although this language in *Graham* suggests that proof that the petitioner has attempted to exhaust administrative remedies – without requiring an attached copy of the final disposition from the ultimate administrative decision-maker to his habeas petition – may be sufficient to meet the exhaustion requirement, no published opinion from this circuit has so held.

The most useful instruction in this circuit comes from the Prison Litigation Reform Act ("PLRA") setting. Unlike the habeas context, the exhaustion requirement under the PLRA is dictated by statute. Section 42 U.S.C. § 1997e states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In order to satisfy the PLRA's exhaustion requirement, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

We interpreted the PLRA's exhaustion requirement in *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004), where fifteen prisoners alleged that they were beaten and subjected to racial epithets by prison employees, in violation of the inmates' rights under both federal and state law. *Id.* at 991. The magistrate judge, presiding over the case by consent of the parties, dismissed the claims of all fifteen of the named plaintiffs, concluding that they had not exhausted their

---

[3]Although *Woodford* concerned the exhaustion requirement provided in the Prison Litigation Reform Act, the purposes of exhaustion identified in *Woodford* – protecting agency authority and promoting efficiency – apply equally to habeas challenges to a parole revocation by the Commission. *See Woodford*, 126 S. Ct. at 2387 ("In practical terms, the law of habeas, like administrative law, requires proper exhaustion. . . ."); *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981) ("We have adhered to the exhaustion doctrine for several reasons: (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors."). Moreover, as discussed below, this court's interpretation of the PLRA's exhaustion requirement provides significant guidance to this case.

available administrative remedies as required by the PLRA before filing suit in federal court. *Id.* at 991-92. We reversed the magistrate judge's order with respect to four plaintiffs, finding that these plaintiffs had exhausted their administrative remedies when they submitted written grievances, pursuant to the prison's administrative review process, and the prison officials had failed to timely respond. *Id.* at 992, 996.

We first considered the pleadings filed by plaintiff Louis Boyd. *Id.* at 994-96. Boyd alleged that, within a few days after being attacked, he filed a grievance form with the correctional facility's grievance chairperson, pursuant to the facility's administrative review process. *Id.* at 995. Boyd claimed that he did not receive any response to his grievance submission. *Id.* We concluded that because Boyd had described "with specificity the administrative proceeding and its outcome," his failure to attach a copy of the grievance to his complaint was not fatal to his claim that he had exhausted administrative remedies. *Id.* at 996 (quoting *Knuckles El*, 215 F.3d at 642). We then joined the Fifth, Seventh, Eighth, and Tenth Circuits in holding "that the exhaustion requirement is satisfied where prison officials fail to timely respond to an inmate's written grievance." *Id.* (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam)).

We then considered the complaint filed by plaintiff Sammie Everette. Describing the steps he took in the administrative process, Everette claimed that "he requested an officer to provide him with a grievance form. [Everette] wrote on . . . his grievance to the effect that he had been assaulted by the officers; that he had been denied medical attention; and that he desired to contact Wisconsin officials. [Everette] never received any response to this grievance." *Id.* We noted that, although Everette did not describe the process with as much detail as had Boyd, "he still stated that he submitted a grievance that addressed the incident in question and that he received no response." *Id.* at 996-97. This allegation sufficed to establish that he had exhausted his administrative remedies, and we reversed the magistrate judge's dismissal of Everette's complaint.

In contrast to Everette and Boyd, we affirmed the magistrate judge's dismissal of complaints filed by plaintiffs Murray Allen, Larry B. Lemons, Cory Purifoy, and Tracy Smith. The significant problem with the complaints filed by Allen, Lemons, Purifoy, and Smith was that they included allegations that the prison facility's operator "failed to adequately respond" to the plaintiff's complaint. *Id.* at 997-1000. Thus, we reasoned, "the allegation that [the operator] did not 'adequately respond' does not indicate whether [the operator] failed to respond at all, or whether [the operator] did in fact investigate the matter and that [the plaintiff] was simply unhappy with the result." *Id.* at 997.

Applying *Boyd* to the facts of this case, we hold that the district court erred in dismissing Fazzini's first habeas petition. In his first habeas petition, Fazzini described the administrative process and his assertion for federal jurisdiction over his petition as follows:

> On March 19, 2004, a revocation hearing was held in Eaton, Ohio at the Preble County Jail. It is the position of the US Parole Commission that the Petitioner is under the Commission's jurisdiction until 2010 when the 25 year period covering the § 924c sentence has concluded. The hearing examiners recommended that the Petitioner's parole be revoked for 52 months effective October 1, 2003 when he became a federal prisoner. On March 30, 2004, the Parole Commission accepted those recommendations. Petitioner then submitted a timely administrative appeal challenging the Parole Commission's actions for the reasons stated herein. The US

Parole Commission, however, defaulted by failing to respond at all to that appeal. The Warden of NEOCC in Youngstown, Ohio is the current custodian.[4]

Fazzini's first habeas petition describes with specificity the Commission's administrative proceeding concerning his case and its outcome and, therefore, meets the standard set by the *Boyd* court. Fazzini states that he submitted an appeal of the Commission's revocation, identifies – albeit briefly – the arguments that he set forth in his appeal, and claims unequivocally that the Board did not respond to his appeal. Fazzini's allegations do not contain any of the infirmities that doomed *Boyd* plaintiffs Allen, Lemons, Purifoy, and Smith; Fazzini affirmatively states that he, in fact, appealed the Commission's revocation and claims that the Board did not respond at all to his appeal. Under *Boyd*, the district court erred in requiring an attached copy of the Board's final decision and in concluding that Fazzini did not exhaust available administrative remedies.

Because *Boyd* concerned the PLRA's exhaustion requirement, it is not directly controlling here. Nonetheless, we conclude that several factors counsel in favor of applying the reasoning of *Boyd* to the § 2241 context. First, as discussed above, the standards for satisfying the habeas exhaustion requirement are unsettled in this circuit; *Boyd* is the leading published case to consider whether a plaintiff exhausts available administrative remedies where his complaint or appeal has not received a response. *See Owens v. Keeling*, 461 F.3d 763, 772 (6th Cir. 2006) (citing *Boyd* and concluding that prisoner exhausts administrative remedy where warden fails to respond to classification appeal).

It is also logical to extend the reasoning of *Boyd* to the habeas context because, in contrast to the PLRA, § 2241's exhaustion requirement is not statutorily required. *Compare* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") *with* 28 U.S.C. § 2241. *See also, e.g., Gates-Bey v. United States Parole Comm'n*, 9 F. App'x 308, 310 (6th Cir. 2001) (unpublished) (noting that § 2241's exhaustion prerequisite is "not a statutory requirement"); *Wesley v. Lamanna*, 27 F. App'x 438, 438-39 (6th Cir. 2001) (unpublished) (same). We have recognized that the habeas exhaustion requirement is not without exception, as a prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks. *See, e.g., Aron v. LaManna*, 4 F. App'x 232, 233 (6th Cir. 2001) (unpublished) (noting exceptions); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982) ("A long line of Supreme Court cases recognizes the rule that a party need not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested."). These exceptions do not apply to the PLRA's exhaustion

---

[4]Fazzini's description of the administrative process in his second habeas petition is similar and provides greater detail:

On March 19, 2004, a revocation hearing was held in Eaton, Ohio at the Preble County Jail. It is the US Parole Commission's position that the Petitioner is under the Parole Commission's jurisdiction until 2010 when the 25 year period covering the § 924c sentence has concluded. The hearing examiners recommended that the Petitioner's parole be revoked for 52 months effective October 1, 2003 when he became a federal prisoner. On March 30, 2004, the Parole Commission accepted those recommendations. The Parole Commission's Notice of Action dated March 30, 2004 was the Commission's final action. Notwithstanding, on April 21, 2004 the Comm[i]ssion by N. Hilton granted Petitioner's request for a continuance until June 19, 2004 to submit an administrative appeal. That appeal was then timely submitted on May 24, 2004 to the National Appeals Board for the Commission at 5550 Friendship Blvd, Chevy Chase, Md. 20815. The Commission only had 60 days thereafter to Answer. It never did. Exhibit 1 represents the Cover Sheet for that administrative appeal. The signature was witnessed by Nancy Black, the Financial Coordinator for the Preble County Jail in Eaton, Ohio. . . .

requirement.  *See Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874).

Moreover, we have stated that a habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner:

> Although judicial efficiency is served by the rule that a prisoner must strictly comply with [administrative] procedures before any untimely or unlawful actions brought against him may be dismissed, our sense of fairness persuades us to posit an exception to the general rule.  When the prisoner has done everything possible to comply with the [administrative process], and it is the custodial state that is responsible for the prisoner's default, then strict compliance with the [administrative process] may not be required.

*Norton v. Parke*, 892 F.2d 476, 481 (6th Cir. 1989).  Thus, it would be incongruent to require a habeas petitioner to attach a copy of the final decision by the Board but allow Fazzini's pleadings to suffice under the PLRA, where the exhaustion requirement is statutorily-based and where this court has established more defined, if not stricter, standards to meet the exhaustion requirement.

Finally, allowing Fazzini's first habeas petition to proceed due to the Board's failure to respond to his appeal is consistent with the purposes of the exhaustion requirement.  Neither of the two primary aims of the exhaustion requirement – protecting agency authority and promoting efficiency – would be circumscribed by extending *Boyd*'s reasoning to the § 2241 context.  As we have described the purpose of requiring federal petitioners to appeal parole decisions by the Commission pursuant to 26 C.F.R. § 2.26, "the Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts."  *Urbina*, 270 F.3d at 295 n.1 (quoting *Taylor v. United States*, 62 F.3d 1418 (6th Cir. 1995) (unpublished table decision)).  The Board was given the opportunity to consider Fazzini's appeal; that it did not respond should not be held against Fazzini and preclude review of his habeas petition.

III.

On June 8, 2005, Fazzini filed a Motion for Reconsideration of the district court's May 9, 2005, dismissal of his first habeas petition.  Fazzini argued that the court erred in concluding that he had not exhausted his available administrative remedies, and attached as proof an exhibit that purports to be the cover sheet of his appeal to the Board, signed on April 27, 2004.   The district court denied Fazzini's motion on June 22, 2005, concluding that Fazzini had not stated a basis upon which the court should vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).  Because we reverse and remand the district court's dismissal of Fazzini's first habeas petition, we need not address Fazzini's Motion for Reconsideration.  Likewise, Fazzini's claim that the district court erred in dismissing his second habeas petition, filed August 9, 2005, is denied as moot.

For the reasons above, the district court's dismissal of Fazzini's habeas petition No. 05-0765 is reversed and remanded for further consideration.