BLD-026                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3206
_____

JERMAINE CLARK,
                              Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-02263)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: November 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jermaine Clark, a prisoner proceeding pro se, appeals from the order of the District Court dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust. For the reasons that follow, we will summarily affirm.

On May 5, 2008, Clark was arrested on Pennsylvania state charges. On November 2, 2009, the District Court revoked Clark's federal probation and sentenced him to 36 months of incarceration. The District Court ordered Clark's federal sentence to run consecutively to his state sentence, which was imposed on December 16, 2009. According to Clark's habeas petition, he was transferred both to and from state and federal institutions before and after that date. Although the parties do not agree on the precise date, Clark was received for the last time by the Bureau of Prisons ("BOP") sometime in 2015.

Clark filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the BOP had miscalculated his sentence. Citing Clark's failure to exhaust his administrative remedies, the respondent sought dismissal of the claim. The District Court was persuaded and dismissed the petition. Clark timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Clark's petition was properly brought under § 2241 as it attacked the term of his federal custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

Federal prisoners are ordinarily required to exhaust available administrative remedies before seeking relief under § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981). In order to exhaust, petitioners must satisfy the procedural requirements of the administrative remedy process. Moscato, 98 F.3d at 761–62.

On February 12, 2016, an attorney for the BOP conducted a search of the BOP SENTRY Administrative Remedy Retrieval system. The search revealed that Clark had filed 12 administrative remedies while in BOP custody. None of these filings involved Clark's sentence or its computation. Indeed, on the face of his petition, Clark admitted that he had not filed any administrative grievance regarding his claim.

Clark alleged that he did not exhaust his administrative remedies because the BOP's procedures amount to "bureaucratic misadventures" and because "he would be released by the time he could fully exhaust them." We have held that the administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring).

Clark claimed that the BOP, not Pennsylvania, had primary jurisdiction over him beginning in 2009 and, thus, he has served his federal sentence. He further contended that the BOP illegally transferred him to state custody because his Pennsylvania sentence was ordered to be served concurrently with his federal sentence. The authority to

3

calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. Clark's failure to exhaust his claims deprived the BOP of the opportunity to resolve any errors,[1] to create an administrative record, and to provide a factual and legal basis for its decision. Specifically, here, Clark has been transferred between state and federal custody multiple times. An administrative record detailing each transfer is necessary for this Court to review whether Clark has received all the credit to which he is entitled. Thus, presenting his claims to the BOP is not futile. Moreover, Clark's belief that the BOP will not act on his grievance before he is released from custody does not make the administrative remedy system futile. See Fazzini v. N.E. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006) ("[A] habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner . . . ."). Clark has failed to file a grievance

---

[1] We do not intend to imply that any errors necessarily occurred here. District Judges have the authority to impose sentences consecutively to as-yet imposed state sentences. See Setser v. United States, 132 S. Ct. 1463, 1468 (2012); see also Barden, 921 F.2d at 478 n.4 (noting that, under the Supremacy Clause, state judges cannot override a federal judge's decision to run sentences consecutively). Because Clark did not give the BOP the opportunity to address his claims, we are unable to verify whether – during his various transfers to and from federal custody – Clark received federal credit for all periods of time he should have.

4

with the BOP; therefore, the BOP has not been given the opportunity to act on his complaints, much less failed to do so in a timely manner.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.