**Tyrone LEE, Petitioner–Appellant,**

v.

**Joe P. YOUNG, Warden Respondent–Appellee.**

No. 01–6329.

United States Court of Appeals,
Sixth Circuit.

July 31, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

*ORDER*

Tyrone Lee, proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court

---

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, on July 26, 2000, a prison official searched Lee's cell and discovered various items of contraband. Lee was charged with possession of a weapon and other unauthorized items. An incident report was originally delivered to Lee on or around July 28, 2000. On August 14, 2000, the incident report was re-delivered and reinvestigated. Following the disciplinary hearing, Lee was found guilty of the offense. He was sentenced to fifteen days in segregation and a loss of twenty-seven days of good time credits.

Subsequently, Lee filed a § 2241 petition arguing that: 1) the Bureau of Prisons (BOP) violated his due process rights because it did not comply with BOP procedures and regulations regarding his disciplinary hearing; and 2) he was found guilty of the offense in violation of the Double Jeopardy Clause because the charges were redelivered and reinvestigated. Upon review, the district court denied the § 2241 petition, concluding that Lee did not have a constitutionally protected liberty interest in having the BOP comply with its regulations and procedures.

Lee has filed a timely appeal, essentially reasserting his first claim. He also appears to have sought permission to proceed in forma pauperis on appeal.

Initially, we note that Lee does not raise his Double Jeopardy claim on appeal. As he has not argued this issue on appeal, it is considered abandoned and not reviewable. *See Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Upon review, we conclude that the district court properly denied Lee's § 2241 petition. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —

U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). To determine whether a liberty interest is implicated in a prison setting, the interest must be limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good-time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Id.* at 484. A liberty interest was implicated as Lee suffered a loss of 27 days of good time credit as a result of being found guilty of the misconduct charge. *See id.* at 483.

Nevertheless, the respondent complied with due process in sentencing Lee to disciplinary segregation and revoking his credits. When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least 24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Further, some evidence must exist to support the disciplinary conviction. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

A review of the record reflects that Lee received more than twenty-four hours notice of the charge prior to his hearing. Moreover, he was advised of his right to be present during the hearing, to call wit-

nesses, and to appeal. The record also reflects that Lee was provided a written statement of the evidence relied on and the reasons for the disciplinary action. Finally, Lee merely challenged the procedures involved; he does not dispute that there was sufficient evidence to support the disciplinary conviction. Hence, the respondent did not violate Lee's due process rights, and the district court properly denied the § 2241 petition.

Accordingly, we grant Lee pauper status for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.