**Eugene Paul SULLIVAN,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 03–5819.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

---

Eugene Paul Sullivan, pro se, Freehold, NJ, for Plaintiff–Appellant.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

*ORDER*

Eugene Paul Sullivan, a pro se federal prisoner, appeals a district court judgment dismissing his civil action construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this pane unanimously agrees that oral argument is not needed. Fed. R. App P. 34(a).

Asserting that he had been denied needed medical treatment by the Bureau of Prisons (BOP) and had been subjected to unhealthful prison conditions at the Federal Medical Center in Lexington, Kentucky, Sullivan filed pleadings styled as a 28 U.S.C. § 2255 motion to vacate and a 28 U.S.C. § 2241 motion for a downward departure in the Eastern District of New York. The district court concluded that Sullivan's demand for surgery and review of BOP decisions in his § 2255 motion should be characterized as a § 2241 challenge to the execution of his sentence, the medical treatment claim should be transferred to the Eastern District of Kentucky where Sullivan is incarcerated, and the § 2241 motion for a downward departure

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District

of Michigan, sitting by designation.

should be construed as an Eighth Amendment medical treatment claim brought under § 2255. However, the court deemed any § 2255 claim to be procedurally barred because Sullivan had not appealed his conviction or sentence.

After the action was transferred, the Eastern District of Kentucky disagreed that the action could be maintained under § 2241 and construed it instead as a *Bivens* action. The district court then reviewed the numerous documents filed by Sullivan and dismissed the action for lack of exhaustion pursuant to 42 U.S.C. § 1997e(a). Sullivan moved the court to reconsider and attached additional documentation of exhaustion. The district court denied the motion, reasoning that the Prison Litigation Reform Act did not permit a plaintiff to amend a complaint.

Sullivan first argues on appeal that the district court erred by construing his action as a *Bivens* action, when he allegedly had filed it under 42 U.S.C. § 1983 and 28 U.S.C. § 2241.

Upon review, we conclude that the district court did not abuse its discretion. *See Booker v. Cambra,* 4 Fed.Appx. 431, 431 (9th Cir.2001). The district court properly construed the action as a *Bivens* action because Sullivan alleged that he was deprived of a right secured by the federal constitution by persons acting under color of federal law. *See Bivens,* 403 U.S. at 397, 91 S.Ct. 1999. The federal government is not subject to suit under § 1983, *Ana Leon T. v. Fed. Reserve Bank,* 823 F.2d 928, 931 (6th Cir.1987), and § 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits. *See Cohen v. United States,* 593 F.2d 766, 770–71 (6th Cir.1979); *see also Lee v. Young,* 43 Fed. Appx. 788 (6th Cir.2002).

In his second argument on appeal, Sullivan complains that the district court failed to address a criminal action he filed with the U.S. Attorney's Office against the BOP and a warden.

We decline to address this argument because Sullivan did not raise it in the district court. This court normally will only address issues which were first raised in the district court, unless exceptional circumstances are present. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case.

Finally, we note that Sullivan does not challenge the district court's dismissal on the basis of exhaustion and has therefore waived appellate review of this matter. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.