RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0020p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

JAMES D. LUEDTKE,

　　　　　*Petitioner-Appellant*,

　　　*v.*

DAVID BERKEBILE,

　　　　　*Respondent-Appellee.*

No. 12-5656

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 7:12-cv-00044—Karen K. Caldwell, District Judge.

Decided and Filed: January 16, 2013

Before: SUTTON and DONALD, Circuit Judges; ECONOMUS, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** James Luedtke, Inez, Kentucky, pro se.

_____

**OPINION**

_____

SUTTON, Circuit Judge. James Luedtke, a pro se federal prisoner, appeals the district court's judgment dismissing without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We affirm the district court's decision on his first three claims, vacate it on his fourth claim and remand for further proceedings.

On May 7, 2012, Luedtke filed a § 2241 petition in the United States District Court for the Eastern District of Kentucky, alleging that prison officials (1) violated his

_____

[*]The Honorable Peter C. Economus, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Thirteenth Amendment rights by refusing to pay him the wages he earned in his prison job, (2) failed to require all inmates to work, (3) discriminated against white inmates in favor of black inmates and "illegal aliens from Mexico," and (4) improperly placed him on refusal status for the Inmate Financial Responsibility Program. Luedtke sought injunctive relief and asked the court to appoint him counsel. The district court dismissed Luedtke's petition under its screening authority before the government filed a response. *See* 28 U.S.C. § 2243.

The district court properly dismissed without prejudice Luedtke's first three claims because § 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that the district court should dismiss the § 2241 claim without prejudice so the state petitioner could re-file as a § 1983 claim); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (construing conditions-of-confinement claims as properly brought in a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 408 U.S. 388 (1971)). The district court was also right to conclude that Luedtke's fourth claim is cognizable under § 2241 as a challenge to the execution of a portion of his sentence. *See United States v. Coleman*, 229 F.3d 1154, 1154 (6th Cir. 2000) (unpublished table decision). The district court erred, however, in dismissing the fourth claim as unexhausted, at least at the screening stage.

Federal prisoners, it is true, must exhaust their administrative remedies before they may file a § 2241 petition. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). But exhaustion is an affirmative defense, both generally, *see Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 75 (1998), and in the context of prisoner lawsuits, *see Jones v. Bock*, 549 U.S. 199, 216–17 (2007). Even under the Prison Litigation Reform Act, an inmate's § 1983 claim "may not be dismissed at the screening stage for failure to plead or attach exhibits with proof of exhaustion." *Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008). The same holds true for a federal prisoner's § 2241 petition. *See George v. Longley*, 463 F. App'x 136, 139–40 (3d Cir. 2012); *see also*

*Fazzini*, 473 F.3d at 233–35 (treating exhaustion under § 2241 identically to exhaustion under the PLRA).

For these reasons, we vacate the district court's dismissal of Luedtke's fourth claim, affirm the remainder of the district court's judgment and remand for further proceedings. We also deny Luedtke's motion for appointment of counsel.