NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0588n.06

No. 20-4037

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 20, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MIGUEL L. WHEELER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| MARK K. WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

O R D E R

Before: SUHRHEINRICH, WHITE, and BUSH, Circuit Judges.

Miguel L. Wheeler, a pro se federal prisoner, appeals a district court's judgment dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Wheeler pleaded guilty to one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced him to a total of 262 months in prison and ten years of supervised release. We affirmed the district court's judgment. *United States v. Wheeler*, 797 F. App'x 964 (6th Cir. 2020).

In his § 2241 petition, Wheeler asserted that prison officials at FCI-Elkton were violating his Eighth Amendment rights by failing to take adequate precautions to protect him from a substantial risk of death or serious harm to his health from COVID-19. He alleged that a Bureau of Prisons press release provided for the isolation and quarantining of symptomatic prisoners but

did not address the needs of asymptomatic prisoners with the virus. He further alleged that nearly 2000 prisoners were housed at the prison, which was meant to house only 1400. Because of the overcrowding, social distancing was not possible and the resulting conditions were life threatening. Dozens of prisoners and staff members were sick, some were on ventilators, and a few had died. Wheeler contended that the warden did not have the capacity or ability to comply with public health guidelines to manage COVID-19 outbreaks at FCI-Elkton. Moreover, Wheeler stated that "[n]one of Elkton's administrative procedures, as is evidenced by it's [sic] aforementioned response, is adequate," the procedures "have already failed," and the failure "highlights respondent's incompetency to properly deal with Covid-19 inside Elkton." Wheeler sought immediate release "as the only effective approach" to the threat. In a supplemental memorandum, Wheeler provided documentation that he had contracted the virus.

Construing Wheeler's assertion that "[n]one of Elkton's administrative procedures [was] adequate" as a concession that he had not exhausted his administrative remedies, the district court sua sponte dismissed Wheeler's § 2241 petition without prejudice for lack of exhaustion.

On appeal, Wheeler reasserts his Eighth Amendment claim. Relying on *Shurney v. INS*, 201 F. Supp. 2d 783, 789 (N.D. Ohio 2001) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992)), he argues that exhaustion is not required by statute and therefore can be excused where the exhaustion time frame endangers the petitioner, the agency lacks competency to resolve the issue, or exhaustion would be futile due to agency bias. He moves to proceed in forma pauperis ("IFP") on appeal.

We review de novo a district court's judgment denying a § 2241 petition. *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020).

Initially, we conclude that the district court possessed subject-matter jurisdiction under § 2241. Because Wheeler argued that no prison conditions would be constitutionally sufficient to manage COVID-19, his Eighth Amendment claim "should be construed as challenging the fact or extent, rather than the conditions," of his confinement. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2021). We also conclude that his claim is not moot, even though he contracted the virus, because a risk exists that he could become reinfected.

The district court properly recognized that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The exhaustion requirement "protects 'administrative agency authority,'" promotes judicial efficiency, and "may produce a useful record" for judicial review. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy*, 503 U.S. at 145). Petitioners need not affirmatively plead failure to exhaust. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). But if "failure to exhaust is apparent from the face of the pleading itself," we have allowed district courts to dismiss the § 2241 petition sua sponte. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)); *see also Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Wheeler conceded his failure to exhaust in his petition when he stated that "[n]one of Elkton's administrative procedures . . . is adequate."

But that same statement gives rise to the possibility that failure to exhaust was futile. If Wheeler can show that pursuit of administrative remedies would be futile, then it would excuse his failure to exhaust. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). The district court offered him no opportunity to raise that exception. *Cf. Curtis v. Davis*, 851 F.3d 358, 362 n.* (4th Cir. 2017) (noting the Fourth Circuit's rule that allows sua sponte dismissal for exhaustion only after the inmate has an opportunity to respond). If, given the opportunity, Wheeler raises futility before the district court, then sua sponte dismissal is inappropriate.

Accordingly, we **GRANT** Wheeler's IFP motion, **VACATE** the district court's order, and **REMAND** for further proceedings.

**SUHRHEINRICH, Circuit Judge, dissenting.** Though a prisoner is "not required to specially plead or demonstrate" exhaustion in his complaint, *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), exhaustion is a requirement under the Prison Litigation Reform Act, such that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). For good reason:

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones*, 549 U.S. at 204; *see also Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006).

Consequently, we have held (as the majority recognizes) that a district court may sua sponte dismiss a § 2241 petition, without prejudice, if the prisoner's "failure to exhaust is apparent from the face of the pleading itself." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017); *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

The district court dismissed the petition without prejudice because Wheeler conceded that he did not exhaust his administrative remedies, R. 5, ID 27; *see also* R. 1, ID 9, and did "not indicate or contend he has actually suffered any serious ill-effects or symptoms from the virus; nor d[id] he suggest he is not being provided proper care at Elkton." R. 5, ID 26–27. The district court reasoned that prudence justifies enforcing exhaustion for a § 2241 petition, even one based on COVID-19. *Id.*, ID 28 (citing *Bronson v. Carvaljal*, No. 4:20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020)). But by accepting, at face value, Wheeler's conclusory allegation—that "[n]one of Elkton's administrative procedures . . . is adequate," R. 1, ID 9—as a plausible exception to exhaustion, the majority allows him to bypass exhaustion entirely.

And those administrative procedures, at any rate, are far from inadequate. As Judge Lioi (who presided below) explained in *Bronson*, in 2020 the BOP began "immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, starting with inmates incarcerated at . . . FCI Elkton . . . to determine which inmates are suitable for home confinement." *Bronson*, 2020 WL 2104542, at *2 (citation omitted). Moreover, "any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager." *Id.* at *3 (citation omitted). How could following that procedure be futile? Wheeler does not say.

By accepting Wheeler's conclusory allegation, and requiring the district court to consider whether futility excuses exhaustion before the record has been developed, the majority has completely subverted the whole point of administrative exhaustion. For that reason, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk